UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOVANI JACOBO,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 4:19-CV-04050-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

  Petitioner, Jovani Jacobo, filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed. Docket 15.

  Magistrate Judge Duffy found that Jacobo's procedural due process rights through the disciplinary procedure were not violated. Therefore, Magistrate Judge Duffy recommends dismissal of Jacobo's petition.

  Jacobo objects to this recommendation. Docket 16. In his objection, he contends there are disputed issues of material fact that preclude the issuance of summary judgment. And he reiterates that he was deprived the opportunity to present exculpatory evidence—namely the call history and a forensic exam of the cell phone to show that he did not make any calls from the phone.

  As Magistrate Judge Duffy noted in her report, the United States Supreme Court held in *Superintendent, Mass. Correctional Institution, Walpole*

*v. Hill*, 472 U.S. 445, 455 (1985), that due process of law in prison disciplinary proceedings where good time credits are at stake requires that "some evidence" support the conclusion the prisoner violated prison rules. Here, Jacobo argues that a forensic analysis of the phone would show that "he made no phone calls from the cell phone and there were no calls, 'missed' or otherwise, that included phone numbers contained on his visitor/phone list." Docket 16 at 2. But during the hearing, Officer Johnson testified that when he entered Jacobo's cell, Jacobo became visibly startled and he appeared to place something near the pillow area of bunk K04-045L. This was not Jacobo's bunk. Officer Johnson looked under the pillow of bunk K04-045L and discovered a cell phone. Jacobo is alleged to have violated the prison regulation that prohibits possession of cell phones in prison. So it does not matter whether Jacobo used or owned the cell phone, the fact that he possessed the cell phone constitutes a violation of the prison regulation. As a result, a forensic evaluation of the cell phone would not provide exculpatory evidence on the issue of possession. And Officer Johnson's testimony is sufficient to establish "some evidence" that Jacobo violated a prison rule. As a result, this court overrules Jacobo's objections and adopts the report and recommendation of Magistrate Judge Duffy.

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Jacobo has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Respondents' motion for summary judgment (Docket 10) is granted.
2. Jacobo's objections to the report and recommendation (Docket 16) are overruled.
3. The report and recommendation (Docket 15) is adopted in full. Jacobo's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.
4. A certificate of appealability is not issued.

Dated June 7, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE